O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DANIEL ARNOLD,<br><br>            Plaintiff,<br><br>   v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | Case No. ED CV 13-1812-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Daniel Arnold ("Plaintiff") appeals from the denial of his application for Supplemental Security Income ("SSI") benefits. On appeal, the Court concludes that the Administrative Law Judge ("ALJ") gave specific, clear, and convincing reasons for discrediting Plaintiff's testimony. The ALJ also properly weighed the opinion of an examining orthopedic physician. Therefore, the ALJ's decision is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his SSI application on June 8, 2010, alleging disability beginning August 17, 2006. The ALJ found that Plaintiff had two severe impairments, a history of fractures of the right wrist and right ankle.

Administrative Record ("AR") 11. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with several additional limitations. AR 13. In making this finding, the ALJ discredited in part Plaintiff's allegations regarding the severity of his symptoms for several reasons. AR 14-15. The ALJ then concluded, based upon the testimony of a vocational expert ("VE"), that Plaintiff could perform jobs available in significant numbers in the regional and national economy. AR 18-19.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ (1) properly assessed Plaintiff's credibility and (2) correctly evaluated the opinion of the consultative examining physician. See Joint Stipulation ("JS") at 2-3.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720

(9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.
## DISCUSSION

**A.     The ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discounting his subjective symptom testimony. See JS at 3-10. To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Lingenfelter, 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain are reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (July 2, 1996) (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear, and convincing reasons for discrediting a claimant's complaints. Robbins, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not

credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ may consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id. (citations omitted).

Plaintiff testified that he had been unable to work after suffering right ankle, right hand, and right wrist fractures in an automobile accident in October 2008. AR 36-37. He could not put full weight on his right leg and ankle. AR 37. He could not use his right hand for picking up things; when he tried to lift anything weighing more than one pound, he experienced pain in his hand. AR 41. He took Norco and gabapentin for pain. AR 39. He could sit or stand for only 20 to 30 minutes at a time. AR 43-44. He needed a cane to walk and could not walk more than 10 feet without it. AR 44-45, 54. He spent most of the day laying on the couch or bed and watching television. AR 48, 59. He could not perform any household chores or drive. AR 48-49.

The ALJ gave specific reasons for finding that Plaintiff's subjective testimony was not entirely credible, each of which is fully supported by the record. The ALJ found that, despite Plaintiff's claims that he could not put full weight on his right leg or use his right hand for lifting, he was nevertheless able to perform many activities of daily living. AR 14. For instance, Plaintiff indicated that he shopped, made simple meals, cared for his pets, got his son ready for school, and fixed breakfast and lunch for his daughter. AR 217, 244-45. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (noting that

claimant's ability to care for two young children undermined claim of disabling pain); Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999) (finding ability to fix meals, do laundry and yardwork, and occasionally care for friend's child was evidence of claimant's ability to work). Although a claimant "does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), the ability to perform certain activities of daily life can support a finding that the claimant's reports of his or her impairment are not fully credible. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity" (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989))).

Additionally, the ALJ noted that, although Plaintiff testified that he used a wheelchair and then a cast for two years after surgery, there was no medical evidence that Plaintiff actually needed a wheelchair or that one was ever prescribed for him. AR 15. An ALJ may take into account whether a claimant's statements regarding his symptoms and limitations are inconsistent with other evidence in the record. See, e.g., Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) ("Chaudhry's non-prescribed use of a wheelchair and unwarranted use of a cane also factored into the ALJ's determination that Chaudry's subjective expression of his limitations lacked credibility."). There was also no evidence of muscle atrophy, see AR 286-88, a fact from which the ALJ inferred that claimant's pain "had not altered his use of those muscles to an extent that has resulted in atrophy." AR 15; see Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (indicating that credibility of claimant's claim of excruciating pain diminished when she "did not exhibit muscular atrophy or any other physical signs of an inactive, totally incapacitated individual").

| | |
|---|---|
| 1 | The ALJ further noted that the medical evidence did not support |
| 2 | Plaintiff's alleged symptoms and limitations. AR 14-16 (citing AR 266-70). |
| 3 | Plaintiff's x-rays showed that his fractures had healed "in satisfactory |
| 4 | alignment." AR 267, 269-70. Despite claims of debilitating pain, Plaintiff |
| 5 | "received routine, conservative, and non-emergency treatment since the |
| 6 | alleged onset date." AR 15; see Fair, 885 F.2d at 604 (finding that the |
| 7 | claimant's allegations of persistent, severe pain and discomfort were belied by |
| 8 | "minimal conservative treatment"). And the examining consultative |
| 9 | orthopedist and the reviewing state agency physician both opined that Plaintiff |
| 10 | was capable of performing sedentary work with some postural limitations. AR |
| 11 | 16-17 (citing AR 272-79, 284-88). Although a lack of objective medical |
| 12 | evidence may not be the sole reason for discounting a claimant's credibility, it |
| 13 | is nonetheless a legitimate and relevant factor to be considered. See Rollins, |
| 14 | 261 F.3d at 857. |
| 15 | On appellate review, the Court does not reweigh the hearing evidence |
| 16 | regarding Plaintiff's credibility. Rather, this Court is limited to determining |
| 17 | whether the ALJ properly identified clear and convincing reasons for |
| 18 | discrediting Plaintiff's credibility. Smolen, 80 F.3d at 1284. The written record |
| 19 | reflects that the ALJ did just that. It is the responsibility of the ALJ to |
| 20 | determine credibility and resolve conflicts or ambiguities in the evidence. |
| 21 | Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). If the ALJ's findings |
| 22 | are supported by substantial evidence, as here, this Court may not engage in |
| 23 | second-guessing. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002); |
| 24 | Fair, 885 F.2d at 604.  It was reasonable for the ALJ to rely on all of the |
| 25 | reasons stated above, each of which is fully supported by the record, in |
| 26 | rejecting Plaintiff's subjective testimony. Reversal is therefore not warranted. |
| 27 | /// |
| 28 | /// |

**B.     The ALJ Properly Weighed the Opinion of the Examining Physician**

Plaintiff argues that the ALJ failed to properly weigh the opinion of the examining orthopedic physician, Dr. Bunsri Sophon. Specifically, Plaintiff contends that the ALJ failed to address Dr. Sophon's opinion that Plaintiff could only occasionally push or pull with his right arm. JS at 16-17 (citing AR 288). The ALJ gave "great weight" to Dr. Sophon's opinion that Plaintiff was able to lift and carry 20 pounds occasionally and 10 pounds frequently, and was able to stand and walk for two hours out of an eight-hour workday. AR 17. The ALJ did not directly address, however, Dr. Sophon's opinion that Plaintiff was restricted to only occasional pushing or pulling with his right arm.

This was not error. An ALJ may properly rely upon selected portions of a medical opinion while rejecting other parts, Magallanes, 881 F.2d at 753, if such reliance is consistent with the medical record as a whole. Edlund v. Massanari, 253 F.3d 1152, 1159 (9th Cir. 2001). "It is not necessary to agree with everything an expert witness says in order to hold that his testimony contains 'substantial evidence.'" Magallanes, 881 F.2d at 753 (quoting Russell v. Bowen, 856 F.2d 81, 83 (9th Cir. 1988)). Here, as noted by the ALJ, Dr. Sophon's overall opinion was consistent with the medical evidence as a whole, as well as with the opinion of the state agency reviewing physician. AR 17. Both physicians opined that Plaintiff was capable of sedentary work with some limitations, AR 272-79, 284-88, and no other medical evidence in the record contradicted their opinions. AR 17.

Even if the ALJ had erred in failing to discuss Dr. Sophon's conclusion that Plaintiff could only occasionally push and pull with his right arm, any error was harmless. The first hypothetical the ALJ presented to the VE contained all of the limitations found by Dr. Sophon, including this right-arm limitation. See AR 62. In response to this hypothetical, the VE testified that Plaintiff could perform various jobs available in significant numbers in the

regional and national economy, such as greeter, small parts assembler, and production assembler. AR 62-63. Inclusion of the right-arm limitation in Plaintiff's RFC would not, therefore, have affected the ALJ's ultimate determination that Plaintiff was not disabled. Thus, any possible error was harmless, and Plaintiff is not entitled to relief. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (noting error that does not affect ALJ's decision is harmless).

## V.
## CONCLUSION

For the reasons stated above, the ALJ's decision is AFFIRMED and the matter is DISMISSED with prejudice.

Dated: March 27, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge